[No. B183709. Second Dist., Div. Six. Aug. 22, 2006.]

RICK FININEN et al., Plaintiffs and Respondents, v.
MARK BARLOW, Defendant and Appellant.

COUNSEL

John F. Hodges for Defendant and Appellant.

Stuart J. Zajic for Plaintiffs and Respondents Kris Fininen and Rick Fininen.

Law Offices of Patricia M. Scoles, Patricia M. Scoles for Plaintiffs and Respondents Greg Dotson, Dianne Dotson and Lori Foster.

OPINION

**COFFEE, J.**—Mark Barlow appeals from the judgment confirming the arbitration award in favor of respondents Rick Fininen, Kris Fininen, Greg Dotson, Dianne Dotson and Lori Foster. Before respondents filed this action, Barlow settled another case at the recommendation of Craig McCollum, the mediator. Barlow and respondents subsequently agreed that McCollum should serve as the arbitrator of this action. Barlow contends that Code of Civil Procedure section 1286.2, subdivision (a)(6) compelled the trial court to vacate the arbitration award because McCollum failed to disclose his involvement in Barlow's earlier case, as required by section 1281.9, subdivision (a).[1] We affirm.

### FACTUAL AND PROCEDURAL HISTORY

Barlow does business as Creative Solutions, designing and performing residential remodeling projects. In 2000, 2001 and 2002, respondents hired Barlow to work on their homes in Paso Robles, Nipomo and San Luis Obispo.

Barlow filed a case entitled *Barlow v. Young* in the Santa Maria Branch of the Santa Barbara Superior Court (case No. 1089751) in May 2002. *Barlow v. Young* "involved allegations of construction defects similar to [respondents'] case" and was settled in mediation. Barlow "settled the . . . case [on March 28, 2003] for a substantial amount of money at the recommendation of [McCollum, the mediator]."

A variety of problems in their construction projects led respondents to file a complaint against Barlow on July 14, 2003, alleging multiple causes of action, including breach of contract, negligence, fraud and misrepresentation, and violation of contractors' licensing laws. Barlow retained Attorney Charles Carson. Carson and counsel for respondents discussed a binding arbitration,

---

[1] All statutory references are to the Code of Civil Procedure Code.

with a joint expert, or a mediation. Carson suggested using McCollum as the arbitrator. Barlow, respondents and their counsel signed a "stipulation re binding arbitration" in February 2004, naming McCollum as arbitrator.

McCollum sent the parties and their counsel an arbitration agreement for their signatures. Section 1 of the agreement names Craig R. McCollum as the arbitrator. Section 7 of the agreement, concerning the disclosure of potential conflicts of interest, states that McCollum previously mediated several cases for respondents' counsel and also mediated and/or arbitrated several cases for Barlow's counsel and that McCollum would provide additional information about these matters upon request. Section 7 also states that all parties and their counsel agree by their signatures that they have undertaken all investigation and due diligence they deemed necessary regarding the use of McCollum as arbitrator and agree to waive any other disclosure requirements.

All parties, counsel and McCollum appeared on June 2, 2004, for the arbitration. Upon meeting in person, Barlow and McCollum recognized each other. McCollum advised Barlow that he regularly served as a mediator for cases pending in the San Luis Obispo and Santa Barbara county courts. Barlow suggested that McCollum had presided in a Santa Maria mediation in which Barlow was a plaintiff. Barlow also stated that the mediation had occurred a year or two previously, involved the collection of money owed Barlow for a construction project, and that it was held at the law offices of Kirk & Simas.

McCollum advised all parties and counsel that he had mediated a matter in which Barlow was a party, without providing the name of the other party. (Section 1281.9, subdivision (a)(3) permits an arbitrator to omit the exact name of any individual who is not a party to the pending arbitration when disclosing information regarding prior cases.) McCollum also disclosed that the mediation was in Santa Maria and that Barlow indicated it was a construction collection dispute. McCollum indicated that he could only continue to serve as an arbitrator in the matter if everyone were willing to waive any conflicts arising from the disclosure concerning the prior Barlow mediation and a separate, unrelated disclosure. All parties and counsel agreed to proceed with the arbitration. McCollum heard testimony all day on June 2, 2004, and the parties agreed to continue the matter to July 9.

Barlow, respondents and their counsel met again on July 9, 2004, for another full day of testimony. Over the next several months, counsel submitted further evidence (written declarations), McCollum heard and ruled upon evidentiary motions, and the parties filed written briefs. On October 20, McCollum served counsel with his 22-page arbitration award in favor of respondents. On December 6, McCollum served his ruling on the parties' motions concerning costs and fees.

On December 17, 2004, Barlow filed a petition to vacate the arbitration award because McCollum failed to make disclosure of his involvement in a "prior similar case involving . . . Barlow." Barlow based the petition primarily upon sections 1281.9, 1286.2 and 1286.4. Barlow's supporting declaration explained that he retrieved and reviewed "prior project[] files in an attempt to determine if any other cases existed in which Mr. McCollum may have been involved concerning [his] company." Barlow further declared that on "November 16, 2004, [he] reviewed the Young project file and discovered that Mr. McCollum had acted as a mediator in a case [that Barlow] filed regarding [the Young] project in . . . Superior Court," and that if he had known these facts, he "would not have agreed to Mr. McCollum as the arbitrator [in] this case." Barlow advised Carson, his counsel, of his findings regarding *Barlow v. Young* on December 1, 2004.

The trial court issued an order denying Barlow's petition to vacate the arbitration award and ruled that "Section 1281.9 does not apply in this case as it requires disclosures only regarding prior arbitrations, not prior mediations," and that even if section 1281.9 "were to apply, any need for further disclosures [was] waived by the parties, including [Barlow]." The trial court also issued an order confirming the arbitration award.

## DISCUSSION

Neither Barlow nor respondents presented live testimony during the hearing on the motion to vacate the award. The evidence consisted of the sworn declarations of the parties, their counsel and McCollum. After reviewing the declarations, the trial court denied the motion to vacate the award.

Barlow now argues that the award should be vacated because McCollum failed to comply with statutory disclosure requirements. Generally, the merits of an arbitrated controversy are not subject to judicial review. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 [10 Cal.Rptr.2d 183, 832 P.2d 899].) The trial court, however, may vacate an arbitration award pursuant to section 1286.2. (*Marsch v. Williams* (1994) 23 Cal.App.4th 238, 243–244, fn. 6 [28 Cal.Rptr.2d 402]; *Lopes v. Millsap* (1992) 6 Cal.App.4th 1679, 1685 [8 Cal.Rptr.2d 814].)

"Our function as an appellate court is to review the trial court proceedings. In this regard, the applicable standards of appellate review of a judgment based on affidavits or declarations are the same as for a judgment following oral testimony: We must accept the trial court's resolution of disputed facts when supported by substantial evidence; we must presume the court found every fact and drew every permissible inference necessary to support its

judgment, and defer to its determination of credibility of the witnesses and the weight of the evidence." (*Betz v. Pankow* (1993) 16 Cal.App.4th 919, 923 [20 Cal.Rptr.2d 834].)

In arguing that a trial court must vacate the arbitration award once a failure to disclose is found, Barlow cites section 1286.2, subdivision (a)(6), *International Alliance of Theatrical Stage Employees, etc. v. Laughon* (2004) 118 Cal.App.4th 1380, 1386–1387 [14 Cal.Rptr.3d 341], *Ovitz v. Schulman* (2005) 133 Cal.App.4th 830, 833 [35 Cal.Rptr.3d 117], and *Azteca Construction, Inc. v. ADR Consulting, Inc.* (2004) 121 Cal.App.4th 1156, 1169 [18 Cal.Rptr.3d 142]. The cited cases are distinguishable. In none of those cases is the challenge to the award based on the arbitrator's nondisclosure of a prior, settled case brought by a party who (1) participated in the nondisclosed case; (2) had access to his own file regarding that nondisclosed case before, during and after the arbitration hearings; (3) recognized the arbitrator visually before the arbitration hearing commenced; (4) failed to request a continuance to investigate the arbitrator; (5) consented to proceed with the arbitration when the arbitrator partially described the nondisclosed case to all parties; and (6) failed to notify the arbitrator or the other parties that he objected to the arbitrator's participation until nine months after signing the stipulation naming the arbitrator, six months after seeing and recognizing the arbitrator, and nearly two months after the arbitrator issued the award in favor of his opponents.

When read literally, and without regard to the evidence presented below, section 1286.2, subdivision (a)(6) could support Barlow's contention that the trial court was required to vacate the arbitration award on the ground that McCollum failed to disclose his participation in the *Barlow v. Young* mediation in the manner prescribed by statute. Subdivision (a)(6) provides, in apparently unambiguous language, that "the court shall vacate the award if the court determines . . . [¶] (6) An arbitrator making the award . . . failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware . . . ."

■ In denying Barlow's motion to vacate the award, the trial court considered and gave credence to the evidence that, before the arbitration, Barlow recognized McCollum and knew of his participation with Barlow in the prior mediation; that Barlow consented to McCollum as the arbitrator after McCollum advised all parties, in Barlow's presence, that he could not serve without the consent of all parties; that Barlow then waited many months either to check his own files regarding the prior mediation or to object to McCollum's continued participation; and that Barlow objected only after McCollum issued an award in favor of respondents. ■ In view of such unique circumstances, the trial court reasonably could have concluded

that it would be absurd to construe section 1286.2, subdivision (a)(6) to require that the arbitration award be vacated based on an incomplete or untimely disclosure concerning the *Barlow v. Young* mediation. (*Campbell v. Zolin* (1995) 33 Cal.App.4th 489, 495 [39 Cal.Rptr.2d 348] ["A statute must be construed so as to avoid an unjust and absurd result"].) "Based on this record, . . . and the deference we must accord to the trial court's discretion to resolve disputed facts [citations], we see no error or basis for reversal." (*Betz v. Pankow, supra,* 16 Cal.App.4th at p. 930.)

The judgment is affirmed. Costs are awarded to respondents.

Gilbert, P. J. and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 13, 2006, S147072. Chin, J., and Moreno, J., were of the opinion that the petition should be granted.