[No. D051408. Fourth Dist., Div. One. Sept. 9, 2008.]

MIRIAM M. DORNBIRER, Plaintiff and Appellant, v.
KAISER FOUNDATION HEALTH PLAN, INC., et al., Defendants and
Respondents.

COUNSEL

David A. Kay for Plaintiff and Appellant.

Arnold & Porter, Lawrence Allen Cox; Lewis Brisbois Bisgaard & Smith, and Nancy L. Vaughan for Defendants and Respondents.

**OPINION**

**AARON, J.—**

## I.

### INTRODUCTION

Plaintiff Miriam M. Dornbirer appeals from a judgment of the trial court in favor of defendant Kaiser Foundation Health Plan, Inc. (Kaiser). After a neutral arbitrator ruled in favor of Kaiser on Dornbirer's claim that Kaiser failed to notify her that she needed followup care following a mammogram in 2001, Dornbirer petitioned the trial court to correct or vacate the arbitration award. Dornbirer argued that the arbitrator failed to disclose all of the information he was required to disclose pursuant to statute, and that the incomplete disclosure provided grounds for vacating the arbitration award. The trial court denied Dornbirer's petition.

On appeal, Dornbirer maintains that the arbitrator's disclosure was fatally deficient under the statutory scheme. We conclude that although the arbitrator's disclosure was incomplete, the arbitrator sufficiently disclosed existing grounds for disqualification by acknowledging a prior relationship with both Kaiser and Kaiser's counsel, Lewis Brisbois Bisgaard & Smith (Lewis Brisbois), and disclosing that he had served as an arbitrator in a number of prior arbitrations involving Kaiser and Lewis Brisbois. The information that the arbitrator disclosed was sufficient to put Dornbirer on notice of any potential bias on the arbitrator's part. We therefore affirm the judgment of the trial court.

## II.

### FACTUAL AND PROCEDURAL BACKGROUND

Dornbirer underwent a mammogram on August 27, 2001, at a Kaiser facility. Kaiser technicians considered the mammogram "incomplete" since it showed the presence of a cluster of calcifications, which indicates breast cancer.

According to Dornbirer, Kaiser never notified her of the results of the mammogram, or that an additional mammogram would be necessary. In July

2004, Dornbirer was diagnosed with breast cancer, which had by that time metastasized to other organs.

Dornbirer filed a claim in arbitration against Kaiser, alleging that Kaiser failed to inform her after the 2001 mammogram that her mammography was not complete.

The parties agreed that Attorney Marc Adelman would serve as the neutral arbitrator. Adelman prepared the disclosure required under Code of Civil Procedure section 1281.9, and sent it to the parties on June 9, 2005. The arbitration proceeded to a hearing before Adelman, between October 31, 2006, and November 15, 2006. Witnesses for Kaiser testified that they had attempted to contact Ms. Dornbirer about obtaining further care through letters and telephone calls, that Dornbirer had scheduled and then cancelled an appointment for an additional mammogram, and that Albert Ray, M.D., a Kaiser physician, had advised Dornbirer during an office visit on November 9, 2001, that she needed to repeat her initial mammogram. Dornbirer's medical records corroborated the testimony of Kaiser's witnesses. Dornbirer testified that the Kaiser witnesses were mistaken in their recollections, and that her medical records were incorrect.

Adelman, acting as arbitrator, ruled that Dornbirer had not established by a preponderance of the evidence that Kaiser failed to provide her with sufficient notice of the need for followup care after her August 27, 2001 mammogram, and thus deemed Kaiser the prevailing party in the arbitration.

Dornbirer filed a petition to correct or vacate the arbitration award on February 28, 2007.[1] After receiving briefs from the parties and hearing oral argument on the matter, the trial court denied Dornbirer's petition on June 1. The court also confirmed the arbitration award in favor of Kaiser. Dornbirer filed a timely notice of appeal on July 27, 2007.[2]

---

[1] Dornbirer amended the petition to correct or vacate the award on March 8, 2007.

[2] After Dornbirer filed her opening brief, Kaiser filed a document entitled, "RESPONDENTS' OBJECTIONS TO NON-RECORD MATERIAL CITED IN APPELLANT'S OPENING BRIEF." Kaiser argues that Dornbirer failed to request judicial notice of certain materials that she presents in her brief, which are not in the record. Although Dornbirer failed to request judicial notice as to some of the materials, Kaiser failed to file a motion to strike, which is the proper method of challenging the presentation of nonrecord material in this court. (See Cal. Rules of Court, rule 8.54.) In any event, the materials to which Kaiser objects do not affect the disposition in this case. In light of that disposition, we need not address the objections.

## III.

## DISCUSSION

■ Dornbirer contends that the arbitrator failed to comply with the statutory disclosure requirements set forth in the Code of Civil Procedure for proposed neutral arbitrators. Proposed neutral arbitrators are to disclose, within 10 calendar days of notice of the proposed nomination, "all matters that could cause a person aware of the facts to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial." (Code Civ. Proc.,[3] § 1281.9.) Section 1281.9 provides a nonexhaustive list of the types of information that constitute "matters" that would cause a person to entertain a doubt as to the impartiality of the proposed arbitrator.

Dornbirer complains that Adelman did not clearly disclose how many times he had served as an arbitrator in matters in which Kaiser was a party, and that for the matters involving Kaiser that Adelman did disclose, he failed to provide the dates of those arbitrations, the results of the arbitrations, and the names of other attorneys who were involved in those arbitrations, as is required under section 1281.9. According to Dornbirer, Adelman's incomplete disclosure provides a ground for vacating Adelman's arbitration award in Kaiser's favor under the statute governing the vacating of an arbitration award, which compels vacating an arbitration award if the arbitrator "failed to disclose . . . a ground for disqualification of which the arbitrator was then aware."

A. *Additional background*

Pursuant to section 1281.9, the arbitrator sent Dornbirer a disclosure letter after he was proposed as an arbitrator. The letter provided, in relevant part,

"I currently do not preside over any matters involving Roy E. LaFrancis, Jr[.], Esq. or Nancy Vaughan, Esq. I have previously presided over one matter where the Claimant was represented by Roy E. LaFrancis, Jr[.], Esq. and I have previously presided over one matter where Kaiser was represented by Nancy Vaughan[,] Esq.

"I am currently presiding over one additional matter involving Kaiser Permanente, who is being represented by James Wallace of Lewis Brisbois Bisgaard & Smith.

---

[3] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

"I have presided over fifteen matters involving the law firm of Lewis Brisbois Bisgaard & Smith. In four of these cases there was a determination on the merits made. In addition, I previously presided over eleven other matters involving Kaiser which were either dismissed, settled or resolved on the merits.

"I find no fact that would cause a reasonable person to doubt that I could perform the duties of an independent neutral in an impartial manner."

Dornbirer did not object to Adelman's participation as the neutral arbitrator at any time prior to or during the arbitration.

B. *The statutory scheme*

There are multiple statutory provisions that are relevant to the issues Dornbirer and Kaiser raise on appeal. Section 1281.9 sets forth the information that a neutral arbitrator is required to disclose to the parties:

"(a) In any arbitration pursuant to an arbitration agreement, when a person is to serve as a neutral arbitrator, the proposed neutral arbitrator shall disclose all matters that could cause a person aware of the facts to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial, including all of the following:

"(1) The existence of any ground specified in Section 170.1 for disqualification of a judge. For purposes of paragraph (8) of subdivision (a) of Section 170.1, the proposed neutral arbitrator shall disclose whether or not he or she has a current arrangement concerning prospective employment or other compensated service as a dispute resolution neutral or is participating in, or, within the last two years, has participated in, discussions regarding such prospective employment or service with a party to the proceeding.

"(2) Any matters required to be disclosed by the ethics standards for neutral arbitrators adopted by the Judicial Council pursuant to this chapter.

"(3) The names of the parties to all prior or pending noncollective bargaining cases in which the proposed neutral arbitrator served or is serving as a party arbitrator for any party to the arbitration proceeding or for a lawyer for a party and the results of each case arbitrated to conclusion, including the date of the arbitration award, identification of the prevailing party, the names of the parties' attorneys and the amount of monetary damages awarded, if any. In order to preserve confidentiality, it shall be sufficient to give the name

of any party who is not a party to the pending arbitration as 'claimant' or 'respondent' if the party is an individual and not a business or corporate entity.

"(4) The names of the parties to all prior or pending noncollective bargaining cases involving any party to the arbitration or lawyer for a party for which the proposed neutral arbitrator served or is serving as neutral arbitrator, and the results of each case arbitrated to conclusion, including the date of the arbitration award, identification of the prevailing party, the names of the parties' attorneys and the amount of monetary damages awarded, if any. In order to preserve confidentiality, it shall be sufficient to give the name of any party not a party to the pending arbitration as 'claimant' or 'respondent' if the party is an individual and not a business or corporate entity.

"(5) Any attorney-client relationship the proposed neutral arbitrator has or had with any party or lawyer for a party to the arbitration proceeding.

"(6) Any professional or significant personal relationship the proposed neutral arbitrator or his or her spouse or minor child living in the household has or has had with any party to the arbitration proceeding or lawyer for a party.

"(b) Subject only to the disclosure requirements of law, the proposed neutral arbitrator shall disclose all matters required to be disclosed pursuant to this section to all parties in writing within 10 calendar days of service of notice of the proposed nomination or appointment.

"(c) For purposes of this section, 'lawyer for a party' includes any lawyer or law firm currently associated in the practice of law with the lawyer hired to represent a party.

"(d) For purposes of this section, 'prior cases' means noncollective bargaining cases in which an arbitration award was rendered within five years prior to the date of the proposed nomination or appointment.

"(e) For purposes of this section, 'any arbitration' does not include an arbitration conducted pursuant to the terms of a public or private sector collective bargaining agreement."

Section 1281.91 discusses when and how a party may disqualify a proposed neutral arbitrator. Subdivision (c) of section 1281.91 further provides that a party's failure to act within the time limits specified results in

that party's waiver of the right to disqualify a neutral arbitrator, unless the arbitrator made a material omission or misrepresentation in his or her disclosure.[4]

■ Section 1286.2 sets forth a list of grounds for vacating an arbitration award. That provision provides in relevant part that "the court shall vacate the award if the court determines" that "[a]n arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision." (§ 1286.2, subd. (a)(6).) " 'On its face, [section 1286.2] leaves no room for discretion. If a statutory ground for vacating the award exists, the trial court must vacate the award. [Citations.]' [Citation.]" (*Guseinov v. Burns* (2006) 145 Cal.App.4th 944, 957 [51 Cal.Rptr.3d 903].)

Although the statute clearly contemplates that there will be situations in which an arbitration award must be vacated, public policy generally favors finality in arbitration awards. (See *Lesser Towers, Inc. v. Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675, 702 [77 Cal.Rptr. 100].)

---

[4] Section 1281.91 provides:

"(a) A proposed neutral arbitrator shall be disqualified if he or she fails to comply with Section 1281.9 and any party entitled to receive the disclosure serves a notice of disqualification within 15 calendar days after the proposed nominee or appointee fails to comply with Section 1281.9.

"(b) (1) If the proposed neutral arbitrator complies with Section 1281.9, the proposed neutral arbitrator shall be disqualified on the basis of the disclosure statement after any party entitled to receive the disclosure serves a notice of disqualification within 15 calendar days after service of the disclosure statement.

"(2) A party shall have the right to disqualify one court-appointed arbitrator without cause in any single arbitration, and may petition the court to disqualify a subsequent appointee only upon a showing of cause.

"(c) The right of a party to disqualify a proposed neutral arbitrator pursuant to this section shall be waived if the party fails to serve the notice pursuant to the times set forth in this section, unless the proposed nominee or appointee makes a material omission or material misrepresentation in his or her disclosure. Except as provided in subdivision (d), in no event may a notice of disqualification be given after a hearing of any contested issue of fact relating to the merits of the claim or after any ruling by the arbitrator regarding any contested matter. Nothing in this subdivision shall limit the right of a party to vacate an award pursuant to Section 1286.2, or to disqualify an arbitrator pursuant to any other law or statute.

"(d) If any ground specified in Section 170.1 exists, a neutral arbitrator shall disqualify himself or herself upon the demand of any party made before the conclusion of the arbitration proceeding. However, this subdivision does not apply to arbitration proceedings conducted under a collective bargaining agreement between employers and employees or their respective representatives."

## C. *Analysis*

Dornbirer asserts that Adelman failed to disclose (1) that Kaiser was a party to a number of prior arbitrations in which he served as arbitrator, (2) the dates of any arbitration awards, (3) the prevailing parties in prior Kaiser arbitrations, (4) the names of the parties' attorneys in the prior Kaiser arbitrations, and (5) the amount of monetary damages awarded in prior arbitrations in which Kaiser was a party. Dornbirer claims that Adelman's disclosure in this case was statutorily deficient, and implies that as a result, she did not have access to sufficient information to have been able to discern that Adelman had a financial incentive to rule in Kaiser's favor.

Kaiser acknowledges that the arbitrator's disclosure did not entirely comply with the requirements set forth in the statute, observing that "[w]hat was not stated in this communication were any of the dates, additional attorney names, and amounts of the arbitrator's prior awards for or against, Kaiser and its counsel in the other matters handled by the arbitrator." Kaiser contends, however, that the arbitrator's incomplete disclosure does not provide sufficient grounds to vacate the arbitration award.

There are two distinct, but related, issues concerning the disclosure at issue here. One is whether, in presenting an ambiguous statement regarding the number of prior Kaiser arbitrations in which he had participated, the arbitrator "failed to disclose within the time required for disclosure a ground for disqualification." The other is whether the arbitrator's failure to disclose certain facts with respect to the disclosed prior arbitrations (i.e., the dates of the arbitrations, the attorneys involved, the prevailing party, etc.) constitutes a ground to vacate the award.

### 1. *Disclosure of Kaiser's involvement in the prior arbitrations*

Dornbirer contends that with regard to whether Kaiser was involved in the prior arbitrations Adelman disclosed, the disclosure letter "was at least ambiguous and at [worst], deliberately misleading on this point." The relevant language from the letter provides:

"I am currently presiding over one additional matter involving Kaiser Permanente, who is being represented by James Wallace of Lewis Brisbois Bisgaard & Smith.

"I have presided over fifteen matters involving the law firm of Lewis Brisbois Bisgaard & Smith. In four of these cases there was a determination on the merits made. In addition, I previously presided over eleven other matters involving Kaiser which were either dismissed, settled or resolved on the merits."

According to Dornbirer, while Adelman stated that he had "presided over fifteen matters involving the law firm of Lewis Brisbois Bisgaard & Smith," he failed to disclose that those matters involved Kaiser as a party. Under Dornbirer's interpretation of the disclosure, it appeared that Adelman had served as an arbitrator in only 11 matters involving Kaiser, although in fact he had been involved in a total of 26 arbitrations involving Kaiser. Dornbirer asserts, "The separation of the 15 matters involving the law firm from the 'eleven other matters involving Kaiser' implied that the 15 matters involving the law firm did not involve Kaiser."

However, Adelman's letter can just as easily be read as disclosing that all 26 arbitrations involved Kaiser. Adelman states that he previously presided over "eleven *other* matters involving Kaiser . . . ." (Italics added.) In order to be given effect, the word "other" in that sentence must refer to additional arbitrations identified in the letter. Because the "eleven other matters" are described in the same paragraph in which the 15 matters involving Lewis Brisbois are disclosed, it is reasonable to understand the "other" in that sentence to mean that the 11 matters involving Kaiser were in addition to the 15 matters involving Kaiser in which Kaiser was represented by Lewis Brisbois. Thus, we cannot conclude that Adelman failed to disclose the nature of his relationship with Kaiser. At most, the disclosure is ambiguous.

Further, although Adelman's disclosure letter may be ambiguous with regard to the precise number of cases he had previously arbitrated in which Kaiser was a party, the disclosure was sufficient to put Dornbirer on notice that Adelman had served as an arbitrator in a large number of such cases. If Dornbirer was concerned about the number of times Adelman had served as an arbitrator for Kaiser, she had the opportunity to ask for clarification. However, she did not do so.

The disclosure clearly put Dornbirer on notice that Adelman had a significant history of serving as an arbitrator in cases in which Kaiser was a party. Dornbirer was thus "aware of facts" that might cause her "to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial." (§ 1281.9, subd. (a).) Although Dornbirer may have been unaware of the precise number of Kaiser arbitrations that Adelman had handled, she cannot realistically claim to have been surprised to learn that Adelman had a prior business relationship with Kaiser, and she could have disqualified Adelman on that ground if she was concerned about his ability to be impartial. Further, even if Dornbirer understood Adelman's disclosure to mean that he had handled 11 prior arbitrations involving Kaiser as a party, as opposed to 26, the difference would not be sufficiently material to the issue of the arbitrator's impartiality to render the disclosure fatally defective under the statute.

### 2. *Failure to disclose additional factual information regarding the prior arbitrations*

■ The basis for vacating an arbitration award is that the arbitrator failed to disclose "a ground for disqualification of which the arbitrator was then aware." (§ 1286.2, subd. (a)(6)(A).) Dornbirer asserts that each and every item of information that is required to be disclosed pursuant to section 1281.9 constitutes a "ground for disqualification." Kaiser counters that such a reading of the statute would have absurd results, in that a party could successfully move to have any arbitration award vacated if an arbitrator failed to disclose the amount of a single prior award or failed to provide the name of a single attorney involved in a prior arbitration. We agree with Kaiser that section 1286.2 cannot be read to nullify every arbitration award that stems from an arbitration in which the arbitrator failed to disclose all of the details of prior arbitrations, particularly where neither party challenged the arbitrator despite being aware that this information was not contained in the arbitrator's disclosure. For this reason, we conclude that not every item of information that is required to be disclosed under section 1281.9 constitutes a "ground for disqualification" as the term is used in section 1286.2. Rather, the most reasonable interpretation of the statutory scheme is that the words "failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware" in section 1286.2 refer to a failure to disclose the existence and nature of any relationship between the arbitrator and the parties or the parties' attorneys, not the specifics of each such relationship.

■ When a party has been informed of the existence of a prior relationship between the arbitrator and another party or an attorney, that party is aware of facts that would put the party on notice of the potential for bias. If the arbitrator does not include additional information regarding such a relationship in the disclosure, a party has sufficient information to inquire of the arbitrator concerning that information. It is only when the arbitrator fails to acknowledge the existence of such a relationship that a party is without sufficient information to question the impartiality of the arbitrator.

This case does not present a scenario in which a party was unaware that the arbitrator had previously been involved in prior arbitrations with the other party and had no opportunity to request information to shed light on the extent of that relationship. Unlike a situation in which an arbitrator wholly fails to acknowledge his or her participation in a prior arbitration involving a party or its attorneys, Adelman put Dornbirer on notice that he had served as an arbitrator in a number of cases in which Kaiser was a party. Dornbirer was clearly aware that Adelman had not provided the particulars surrounding the prior matters he disclosed, but she did not raise this as an issue prior to the

arbitration. Rather, she agreed to go forward with the arbitration. Allowing Dornbirer to successfully petition to vacate the arbitration award in this case, at this stage of the proceeding, on the ground that Adelman failed to provide the dates, the names of other attorneys, or the specifics of prior awards as to the arbitrations about which Dornbirer was aware, would undermine the statutory scheme. Under Dornbirer's interpretation, a party could simply hold off on raising the issue of the completeness of the arbitrator's disclosure, wait to see if he or she is pleased with the arbitration award, and, if unhappy with the award, challenge the award on the basis that the arbitrator failed to disclose information that the party could have easily requested prior to the arbitration.

Dornbirer relies on *International Alliance of Theatrical Stage Employees, etc. v. Laughon* (2004) 118 Cal.App.4th 1380 [14 Cal.Rptr.3d 341] (*International Alliance*) to support her position. Dornbirer points out that the court in *International Alliance* stated that the grounds for disqualification referred to in section 1286.2 "include, of course, those enumerated in the . . . subparagraphs of section 1281.9, subdivision (a)." Although this broad language, taken out of context, suggests that the *International Alliance* court interpreted the statutory scheme in the manner Dornbirer suggests (i.e., that every omission of an item of information required under § 1281.9 provides a basis for vacating an arbitration award), the circumstances in *International Alliance* establish that the court was not considering the scope of the statute. Rather, the court was dealing with an arbitrator's failure to disclose the very existence of a prior arbitration relationship, not simply the details of a prior arbitration. The neutral arbitrator failed to disclose the *only* case he had previously handled that involved counsel for one of the parties to the arbitration. (118 Cal.App.4th at pp. 1382–1383.) Thus, the defendant in that case had *no information* about the arbitrator's service as a neutral arbitrator in the prior matter. As a result, the *International Alliance* court concluded that, "the failure to disclose the sort of prior relationship involved here necessarily satisfies the 'might cause a reasonable person to question' standard mentioned in [section 1286.2]." (*International Alliance, supra*, 118 Cal.App.4th at pp. 1386–1387.)

The *International Alliance* court was concerned with the arbitrator's failure "to disclose the sort of prior relationship involved" in that case—i.e., the failure to disclose the existence of a prior relationship with the attorneys representing one party to the arbitration. The court was not addressing whether the lack of information regarding the date of the prior arbitration or the ultimate outcome of the case would have similarly resulted in vacating the arbitration award, if the existence of the prior relationship itself had been disclosed.

Dornbirer asserts that in this case, as in *International Alliance,* "there was no disclosure of the information at any time, nor was there any opportunity to challenge the arbitrator during the arbitration." She further claims that "there was no disclosure that could have led the patient to the omitted information." This is not accurate. Adelman disclosed that he had served as an arbitrator in cases involving both Kaiser and Kaiser's counsel on not just one occasion, but multiple times. Although Adelman's disclosure was not complete under the statute, the disclosure provided sufficient information to Dornbirer to allow her either to request that he provide additional information concerning the prior arbitrations so that she could make a more informed decision as to whether to agree to use Adelman as the arbitrator, or to move to disqualify him for failure to provide all of the information required under the statute. Unlike *International Alliance,* in which the plaintiff had no knowledge of the prior relationship between the neutral arbitrator and counsel for the defendant, Dornbirer was aware of a significant relationship between Adelman and Kaiser prior to the arbitration. Dornbirer had the opportunity to challenge Adelman, but she did not do so.

Dornbirer attempts to distinguish this case from *Fininen v. Barlow* (2006) 142 Cal.App.4th 185 [47 Cal.Rptr.3d 687] (*Fininen*). In *Fininen,* the parties agreed on a neutral arbitrator named McCollum. Prior to the arbitration, McCollum disclosed potential conflicts of interest by notifying the parties that he had "previously mediated several cases for respondents' counsel and also mediated and/or arbitrated several cases for Barlow's counsel."[5] (*Fininen, supra,* 142 Cal.App.4th at p. 188.) When the parties appeared for the arbitration, Barlow and McCollum recognized each other. McCollum then advised the parties and counsel that he had previously mediated a matter in which Barlow was a party. (*Ibid.*) McCollum did not provide the name of the other party, but indicated that the mediation had taken place in Santa Maria, and that although he had difficulty remembering the prior case, Barlow had indicated to him that it had been a construction collection dispute. (*Ibid.*) McCollum asked the parties to waive any conflicts arising from the disclosure regarding Barlow. The parties and counsel all agreed to proceed with the arbitration. (*Ibid.*)

McCollum heard the matter and issued an arbitration award in favor of the respondents. (*Fininen, supra,* 142 Cal.App.4th at p. 188.) Barlow then filed a petition to vacate the arbitration award on the ground that McCollum "failed to make disclosure of his involvement in a 'prior similar case involving . . . Barlow.' " (*Id.* at p. 189.) The trial court denied Barlow's petition to vacate the award on the ground that section 1281.9 did not apply because it required disclosures regarding prior arbitrations, not mediations. The court also ruled

---

[5] Barlow was a party to the arbitration in *Fininen.*

that even if section 1281.9 did apply, the parties had waived " 'any need for further disclosures.' " (*Fininen, supra,* 142 Cal.App.4th at p. 189.)

On appeal, Barlow again argued that the arbitration award "should be vacated because McCollum failed to comply with statutory disclosure requirements." (*Fininen, supra,* 142 Cal.App.4th at p. 189.) The appellate court affirmed the trial court's ruling, distinguishing the case before it from other cases in which courts had vacated arbitration awards once a failure to disclose had been found. (*Id.* at p. 190.) The court stated: "In none of those cases is the challenge to the award based on the arbitrator's nondisclosure of a prior, settled case brought by a party who (1) participated in the nondisclosed case; (2) had access to his own file regarding that nondisclosed case before, during and after the arbitration hearings; (3) recognized the arbitrator visually before the arbitration hearing commenced; (4) failed to request a continuance to investigate the arbitrator; (5) consented to proceed with the arbitration when the arbitrator partially described the nondisclosed case to all parties; and (6) failed to notify the arbitrator or the other parties that he objected to the arbitrator's participation until nine months after signing the stipulation naming the arbitrator, six months after seeing and recognizing the arbitrator, and nearly two months after the arbitrator issued the award in favor of his opponents." (*Ibid.*)

The *Fininen* court determined that "[i]n view of such unique circumstances, the trial court reasonably could have concluded that it would be absurd to construe section 1286.2, subdivision (a)(6) to require that the arbitration award be vacated based on an incomplete or untimely disclosure concerning the *Barlow v. Young* mediation." (*Fininen, supra,* 142 Cal.App.4th at pp. 190–191, citing and quoting *Campbell v. Zolin* (1995) 33 Cal.App.4th 489, 495 [39 Cal.Rptr.2d 348] [" 'A statute must be construed so as to avoid an unjust and absurd result.' "].)

Although not all of the circumstances present in *Fininen* are present here, the similarities between what occurred in *Fininen* and what occurred in this case are significant. Specifically, after being notified that Adelman had participated in a number of prior arbitrations with both Kaiser and Lewis Brisbois, Dornbirer never requested a continuance to further investigate the arbitrator, consented to proceed with the arbitration despite the fact that the arbitrator only "partially described" the disclosed cases to her, and did not notify the arbitrator or Kaiser that she objected to the arbitrator's participation until after the arbitrator had issued a decision in favor of Kaiser.

Our interpretation of the statute also gives effect to subdivision (c) of section 1281.91, which states that a party waives the right to disqualify a proposed neutral arbitrator if that party fails to meet the time requirements set

forth in that section. The exception to this waiver applies only if the proposed arbitrator made a material omission or material misrepresentation in his or her disclosure. (§ 1281.91, subd. (c).) Interpreting section 1286.2 to permit a party to vacate an arbitration award at the conclusion of the arbitration based on an arbitrator's failure to disclose details such as the dates of prior arbitrations or the awards in prior arbitrations when that party *knew* about those prior arbitrations and did not request additional information or move to disqualify the arbitrator would undermine the purpose of the time limitations imposed in subdivision (c) of section 1281.91. The waiver provision would have no effect because a party could simply wait until the arbitration was over and then move to vacate the award, despite having failed to move to disqualify the proposed arbitrator before the arbitration commenced.

■ Dornbirer consented to proceed with the arbitration despite being aware of the deficiencies in Adelman's disclosure. Pursuant to subdivision (c) of section 1281.91, she waived her right to disqualify Adelman, and cannot now challenge the arbitration award on the ground that his failure to provide the dates, the outcomes, and the names of other attorneys involved in his prior Kaiser arbitrations constitutes a "ground for disqualification." By failing to raise this issue earlier, Dornbirer waived the right to disqualify Adelman based on an inadequate disclosure that did not amount to a material omission or misrepresentation.

We conclude that Dornbirer cannot now successfully petition to vacate the arbitration award in her opponent's favor on the basis that Adelman failed to make a complete disclosure under section 1281.9 by omitting certain details relating to prior arbitrations that he did disclose. There is no question that Adelman *should have* disclosed all of the details that are required to be disclosed pursuant to section 1281.9. A proposed arbitrator has a duty to fulfill the obligations set out in the statute. However, the most reasonable interpretation of the statutory scheme is that it does not require that an arbitration award be vacated when the arbitrator has generally disclosed the grounds for disqualification, i.e., his or her relationships and prior interactions with the parties to the arbitration and/or their attorneys, but has not provided all of the specific details required under section 1281.9, and despite the omissions, the parties agreed to go forward with the arbitration. Dornbirer's remedy for Adelman's failure to meet the statutory disclosure requirements was to disqualify him on that basis *before* the arbitration commenced, not after the arbitration was over.

## IV.

## DISPOSITION

The judgment of the trial court is affirmed.

Haller, Acting P. J., and O'Rourke, J., concurred.

A petition for a rehearing was denied October 1, 2008, and appellant's petition for review by the Supreme Court was denied December 10, 2008, S167613. Werdegar, J., did not participate therein.