Filed 6/16/15  Rustam v. Wells Fargo Bank CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MOHAMMED RUSTAM, Individually and as Trustee, etc., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant and Respondent. | B254445 <br><br> (Los Angeles County <br> Super. Ct. No. BC478839) |

APPEALS from a judgment of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  As to Mohammed Rustam, the judgment is affirmed.  As to Mustafa Rustam, the appeal is dismissed.

Obagi & Stodder and Zein E. Obagi, Jr., for Plaintiffs and Appellants, Mohammed Rustam and Mustafa Rustam.

Barton, Klugman & Oetting and Tod V. Beebe for Defendant and Respondent, Wells Fargo Bank, N.A.

_____

Mohammed Rustam appeals the judgment entered after the superior court granted the petition of Wells Fargo Bank, N.A. to confirm an arbitration award and denied his request to vacate the award. Rustam contends the arbitration ruling was procured by fraud and must be vacated because Wells Fargo concealed critical evidence during the arbitration that, if produced, would have assisted him in proving his claims. We affirm the judgment against Rustam. We dismiss an appeal filed by Rustam's brother, Mustafa Rustam, for lack of standing.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Underlying Lawsuit and Petition To Compel Arbitration*

In February 2012 Mohammed Rustam sued Wells Fargo alleging that, on separate occasions in February 2011, it had negligently permitted unauthorized and fraudulent withdrawals from bank accounts he owned or controlled as trustee of an irrevocable trust created by his brother. Rustam alleged Wells Fargo's negligence caused more than $370,000 in losses, exclusive of interest. The two brothers also asserted claims for intentional and negligent infliction of emotional distress based upon allegations a Wells Fargo investigator had falsely accused them of participating in a scheme to defraud the bank.

Wells Fargo moved for an order compelling arbitration pursuant to the arbitration clause in the consumer account agreement. Although Mustafa Rustam was not a signatory to the arbitration agreement, Wells Fargo argued that, as the settlor of one of the accounts (the trust account), he was a third party beneficiary to the agreement and his negligence and emotional distress claims were inextricably linked with his brother's. The court granted the motion, ordered the parties to arbitrate each of their claims and stayed the action pending the outcome of the arbitration.

2. *The Arbitration Ruling*

At some point prior to the arbitration, Mustafa Rustam stipulated that he would voluntarily dismiss his claims; accordingly, only Mohammed Rustam's claims were arbitrated. After a full evidentiary hearing, the arbitrator found Rustam had presented

2

testimony that "was contradictory, false and not credible" and concluded Rustam had not met his burden of proof on any of his claims.

3. *Wells Fargo's Petition To Confirm Arbitration; Rustam's Request To Vacate*

Following the arbitrator's ruling, Wells Fargo timely filed a petition to confirm the arbitration award. Rustam opposed the petition and requested the court vacate the arbitration ruling on the ground it had been procured by fraud "or other undue means." In particular, he emphasized Wells Fargo's failure to produce in discovery a letter from its vice president and internal investigator, Karl Bautista, to the Beverly Hills Police Department dated December 7, 2011. In the letter Bautista informed the department of fraudulent activity involving Rustam's and another customer's bank accounts and summarized the results of its internal investigation. The letter stated that former Wells Fargo bank teller Sona Aroyan had admitted accessing Rustam's accounts without authorization as a favor for a friend of her husband's. She told the friend, in response to his inquiry, there had not been a stop payment placed on the check he was holding and there were sufficient funds in the account to cover the check amount. She denied providing any other account information to this person. Bautista advised the police department, "As a result of this investigation and due to the evidence; in spite of Aroyan's denial that she did not provide other account information, she is strongly suspected of involvement in wrongdoing in connection with this compromised customer information and subsequent fraud against these two customer accounts."

Rustam asserted he obtained the letter from the Beverly Hills Police Department after the arbitration award had been entered and characterized the letter as critical to his case. According to Rustam, there was no justification for Wells Fargo's failure to disclose the December 7, 2011 letter. Had it been produced and not "deliberately concealed," he argued, he would have been able to sustain his burden of proof and prevail in the arbitration.

In its papers in response to Rustam's request to vacate the arbitration ruling, Wells Fargo denied deliberately concealing the letter. Wells Fargo's counsel explained in a supporting declaration that he had acquired Wells Fargo's investigative file before

3

December 7, 2011, the date the letter was written, and had not been copied on the letter. Prior to Rustam's request to vacate the award, he simply did not know the letter existed. Wells Fargo also refuted Rustam's attempt to characterize the information as "newly discovered" or a "smoking gun," emphasizing that the letter was entirely cumulative of information already provided in discovery. Aroyan's wrongdoing, it insisted, had been fully disclosed to the Rustams in several documents produced in discovery and, in fact, had been vigorously argued by Rustam during the arbitration and in his post-arbitration brief. Wells Fargo attached to its responsive papers documents it had produced in discovery detailing the bank's investigation of Aroyan, Aroyan's statements to Bautista and Wells Fargo's conclusion following the investigation. In language nearly identical to that in the December 7, 2011 letter, the investigatory findings in the documents produced stated: "Available evidence led to the determination that Sona Aroyan is involved in wrongdoing in connection with the compromised customer information."

The court granted Wells Fargo's petition to confirm the arbitration award, denied Rustam's request to vacate the award and entered judgment in favor of Wells Fargo. The judgment stated, "IT IS ADJUDGED that plaintiff Mohammad Rustam, individually and as Trustee of the U.S. Trust, take nothing by way of his action against defendant and petitioner Wells Fargo Bank."[1]

---

[1] Both Mohammed Rustam and Mustafa Rustam have appealed the judgment. Because Mustafa Rustam's causes of action were not decided by the arbitrator and he is not a party to the superior court's judgment, he is not aggrieved by it. Accordingly, we dismiss Mustafa Rustam's appeal for lack of standing. (See Code Civ. Proc., §§ 902 ["any party aggrieved" by adverse judgment may appeal]; 1294, subd. (d) [an "aggrieved party" may appeal from a judgment entered confirming an arbitration award]; see also *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737 ["[o]ne is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment"].) To the extent Mustafa Rustam contends that, without the ability to appeal the judgment, he lacks the opportunity to challenge the court's ruling compelling him to arbitrate his claims, the problem is one of his own making. If Mustafa Rustam had wanted to contest the court's order compelling arbitration, he could have filed a petition for a writ seeking review of that order or allowed a default award to be entered against him in the arbitration proceeding and appealed from an order and judgment confirming the award. He did neither, and is not aggrieved by the judgment entered only against his brother.

**DISCUSSION**

1. *Standard of Review*

When parties agree to private arbitration, the scope of judicial review is strictly limited to give effect to the parties' intent to bypass the judicial system and thereby avoid potential delays at the trial and appellate levels. (See *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10; *Gray v. Chiu* (2013) 212 Cal.App.4th 1355, 1362.) Generally, a court may not review the merits of the controversy between the parties, the validity of the arbitrator's reasoning or the sufficiency of the evidence supporting the arbitration award. (*Moncharsh,* at p. 10.) "'[I]t is within the power of the arbitrator to make a mistake either legally or factually. When parties opt for the forum of arbitration they agree to be bound by the decision of that forum knowing that arbitrators, like judges, are fallible.'" (*Id.* at p. 12; accord, *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1340 ["the California Legislature 'adopt[ed] the position taken in case law . . . that is, "that in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute"'"].)

Judicial review of an arbitration award is limited to "circumstances involving serious problems with the award itself, or with the fairness of the arbitration process." (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 12.) The only grounds on which a court may vacate an award are enumerated in Code of Civil Procedure section 1286.2, which include, in subdivision (a)(1), that the award was procured by "corruption, fraud or other undue means . . . ." (*Cable Connection, Inc. v. DIRECTV, Inc., supra,* 44 Cal.4th at p. 1344; see *Pacific Crown Distributors v. Brotherhood of Teamsters* (1986) 183 Cal.App.3d 1138, 1147 [fraud may be perpetrated by arbitrator or party].) The terms fraud and "undue means" generally include wrongful behavior that deprives a party of a fair and impartial hearing and results in substantial prejudice. (*Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 827, 831.)

Absent findings on disputed facts, we independently review the superior court's order confirming an arbitration award and denying a request to vacate the award.

5

(*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 385-387; *Gray v. Chiu, supra*, 212 Cal.App.4th at p. 1362; see *Dornbirer v. Kaiser Foundation Health Plan, Inc.* (2008) 166 Cal.App.4th 831, 839 ["""On its face, [Code Civ. Proc., § 1286.2] leaves no room for discretion. If a statutory ground for vacating the award exists, the trial court must vacate the award."""].)

2. *The Superior Court Did Not Err in Confirming the Arbitration Award Because There Was Neither Fraud Nor Prejudice*

Rustam's sole contention is that Wells Fargo's deliberate withholding of material evidence prejudiced his case and constituted a valid ground for vacating the arbitration award. Contrary to Rustam's claim, there was no evidence Wells Fargo deliberately withheld the letter from discovery. Moreover, there was no prejudice, substantial or otherwise. The letter was cumulative: At most, it summarized evidence already produced. It did not identify a new witness, disclose new details or state a different conclusion. The superior court did not err in confirming the arbitration award and denying Rustam's request to vacate the award.[2]

## DISPOSITION

The judgment is affirmed. Mustafa Rustam's appeal from the judgment is dismissed. Wells Fargo Bank, N.A., is to recover its costs on appeal.


PERLUSS, P. J.

We concur:


ZELON, J.                        IWASAKI, J.[*]

---

[2]     Rustam's request for judicial notice of his pending lawsuit against Sona Aroyan and his motion to strike portions of Wells Fargo's appellate brief are denied.

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6