**Dennis JOHNSON, Plaintiff-counter-defendant—Appellant,**

v.

**GRUMA CORPORATION, a Nevada corporation dba Mission Foods Corporation, Defendant-counter-claimant—Appellee.**

No. 03–55848.

D.C. No. CV–02–08557–MLR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2005.

Decided Feb. 17, 2005.

Daria Dub Carlson, Palisades, CA, Kevin Eng, Markun, Zusman & Compton, LLP, San Francisco, CA, Jonathan Weiss, Los Angeles, CA, for Plaintiff-counter-defendant—Appellant.

L. Rachel Helyar, Brian F. Van Vleck, Akin, Gump, Strauss, Hauer & Feld, Los Angeles, CA, for Defendant-counter-claimant—Appellee.

---

\* The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before BROWNING, CUDAHY,\* and RYMER, Circuit Judges.

## MEMORANDUM\*\*

Dennis Johnson appeals the district court's May 1, 2003 order that prohibits arbitration of class-wide claims and dismisses his complaint for declaratory relief against Gruma Corporation with prejudice. We vacate the order and remand.

We must first decide whether we have appellate jurisdiction, which turns on whether the order is a final decision with respect to an arbitration and thus appealable under 9 U.S.C. § 16(a)(3), *see Green Tree Fin. Corp.—Alabama v. Randolph*, 531 U.S. 79, 86–89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co., Ltd.*, 249 F.3d 1177, 1178–79 (9th Cir. 2001), or an interlocutory order that arbitration should proceed as to individual claims which effectively stays the class claims and is not appealable under 9 U.S.C. § 16(b)(2), *see Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir.2004); *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir.2005). Unfortunately, the order can be interpreted either way. On the one hand, it dismisses Johnson's *Keating* petition[1] with prejudice; on the other hand, the order appears partially to allow and partially to disallow arbitration, and it refers to the court's March 5, 2002 order in a previously dismissed action that granted Gruma's motion to compel arbitration and to stay litigation. Although the order may well be final and appealable given that it dismissed Johnson's declara-

---

1. *Keating v. Superior Court*, 31 Cal.3d 584, 608–14, 183 Cal.Rptr. 360, 645 P.2d 1192 (1982), *reversed on other grounds by Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

tory relief action with prejudice, it is impossible to tell with assurance what the district court intended given the issues that were actually presented to it. Accordingly, we vacate the order. This will allow the district court an opportunity to state its ruling with clarity. *See Bushley,* 360 F.3d at 1153 n. 1 (endorsing advice of the Second Circuit that district courts be "as clear as possible about whether they truly intend to dismiss an action or mean to grant a stay ... or whether they mean to do something else entirely") (quoting *Salim Oleochemicals v. M/V Shropshire,* 278 F.3d 90, 93 (2d Cir.2002)).

In addition, since the court issued its May 1, 2003 order, the Supreme Court handed down its decision in *Green Tree Financial Corporation v. Bazzle,* 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003) (plurality opinion). The Court held that the question whether an arbitration agreement forbids or allows class arbitration is for the arbitrator to decide. *Id.* at 453. Gruma contends that *Bazzle* is not binding, but we disagree. Justice Stevens' concurrence made the plurality a controlling judgment that this court, and the district court, are bound to follow. The district court's order was rendered without reference to *Bazzle.* Thus, on remand, the court, with input from the parties, must necessarily consider afresh where this action stands in light of *Bazzle.*

VACATED AND REMANDED.