**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DENNIS JOHNSON,
                              *Plaintiff,*
          and

ARNOLD ROSENFELD, individually
and on behalf of others similarly
situated,
                *Plaintiff-Appellant,*

          v.

GRUMA CORPORATION, a Nevada
corporation, DBA Mission Foods
Corporation,
                *Defendant-Appellee,*

          and

GRUMA S. A. DE C. V., a Mexican
corporation,
                          *Defendant.*

No. 08-56911

D.C. No.
2:02-cv-08557-R-E

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
March 4, 2010—Pasadena, California

Filed August 13, 2010

Before: Alex Kozinski, Chief Judge, William A. Fletcher,
Circuit Judge, and John R. Tunheim, District Judge.*

*The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

11641

Opinion by Judge William A. Fletcher

**COUNSEL**

Jonathan Weiss (argued), LAW OFFICE OF JONATHAN WEISS, Los Angeles, California, for the appellant.

Rex Heinke (argued), R.D. Kirwan, AKIN GUMP STRAUSS HAUER & FELD LLP, Los Angeles, California, Paul Grossman, PAUL HASTINGS JANOFSKY & WALKER LLP, Los Angeles, California, Gregory S.C. Huffman, Nicole L. Williams, THOMPSON & KNIGHT LLP, Dallas, Texas, for the appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Plaintiff-Appellant Arnold Rosenfeld appeals the district court's confirmation of an arbitration award in favor of Defendant-Appellee Gruma Corporation. Rosenfeld was one of two class representatives in an action against Gruma. The matter was submitted to binding arbitration, and the arbitrator found for Gruma. The district court confirmed the arbitrator's award over Rosenfeld's objection.

Rosenfeld argues, first, that California law provides the standard for vacatur of the award; second, that vacatur is

required under California law because the arbitrator failed to disclose a ground for his disqualification; and, third, that vacatur is required because the arbitrator exceeded his powers. We agree with the first argument, but disagree with the second and third. We therefore affirm the district court.

## I.  Background

Appellant Arnold Rosenfeld is one of two plaintiff representatives in a class action against Gruma. The plaintiff class members are drivers ("distributors") who deliver products to Gruma's customers. Each distributor signed a "Store Door Distributor Agreement" with Gruma. The agreement states that the distributors are independent contractors.

Dennis Johnson filed a class action in California Superior Court against Gruma in 2001. The action alleged that Gruma "misrepresent[ed] to Claimants and Class Members that Claimants and Class Members were and/or are independent contractors when they were and/or are, in fact, employees." The complaint included claims of breach of contract, labor code violations including failure to pay agreed wages and overtime pay and failure to provide meal and rest breaks, and unfair business practices. Gruma removed the suit to federal district court. Upon Gruma's motion, the district court ordered the claims submitted to binding arbitration.

The case was assigned to arbitrator Richard Neal, a retired justice of the California Court of Appeal. On August 5, 2002, the arbitrator held that the California Arbitration Act governed the proceedings. The arbitrator then stayed the arbitration to allow a judicial determination whether the arbitration agreement permitted class-wide arbitration. The district court prohibited arbitration of class-wide claims and dismissed the complaint with prejudice. We vacated and remanded to the district court in light of the Supreme Court's decision in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003). *See Johnson v. Gruma Corp.*, 123 Fed. App'x 786, 788 (9th

Cir. 2005). On remand, the district court returned the case to arbitration.

In March 2007, the arbitrator certified a nationwide class action, designating Johnson and Rosenfeld as class representatives. After a hearing in April 2007, the arbitrator reconsidered the certification and limited the class to Gruma distributors in California. Attorney Paul Grossman argued Gruma's case for reconsideration at the April 2007 hearing. On August 12, 2008, the arbitrator found for Gruma, concluding that the distributors "properly are classified as independent contractors" rather than employees. The district court confirmed the arbitration award.

Rosenfeld timely appealed. Johnson did not appeal.

## II.   Standard of Review

We review de novo the district court's confirmation of an arbitration award. *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004). Our review of the award itself is highly limited. *See, e.g.*, *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 11 (1992) ("[I]t is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law.").

## III.   Discussion

### A.   State or Federal Arbitration Rules

The arbitration clause in the parties' agreement requires that arbitration be "conducted and subject to enforcement pursuant to the provisions of California Code of Civil Procedure sections 1280 through 1295, or other applicable law." The specified code sections comprise the California Arbitration Act ("CAA"). The arbitrator interpreted this clause as an agreement that California arbitration rules would govern the conduct of the arbitration.

The parties dispute whether the district court should have applied the CAA or Federal Arbitration Act ("FAA") disclosure and vacatur standards when deciding whether to confirm the arbitration award. Rosenfeld contends that because California law governed the arbitration, the district court should have applied the CAA standards. Gruma contends that because the arbitration agreement recognizes the application of "other applicable law," the FAA's rules apply.

The CAA and the FAA provide different grounds for vacatur of an arbitration award. The CAA provides that a court reviewing an arbitration award *shall* vacate the award if the court determines:

> (1) The award was procured by corruption, fraud or other undue means.

> (2) There was corruption in any of the arbitrators.

> (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.

> (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

> (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.

> (6) An arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but

failed upon receipt of timely demand to disqualify himself or herself as required by that provision. . . .

Cal. Civ. Proc. Code § 1286.2(a). These statutory grounds are the exclusive grounds for judicial review of arbitration awards. *Moncharsh*, 3 Cal. 4th at 11.

The FAA provides that a district court *may* vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators . . . ;

> (3) where the arbitrators were guilty of . . . misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The scope of a confirmation proceeding applying these factors is "extremely limited." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003); *see also Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 585 (2008).

**[1]** The agreement in this case is a contract "evidencing a transaction involving commerce" that comes within the purview of the FAA. *See* 9 U.S.C. § 2. "The FAA, while it does not itself create independent federal jurisdiction, 'creates a body of federal substantive law establishing and regulating' arbitration agreements that come within the FAA's purview." *Wilson*, 326 F.3d at 1105 (quoting *Moses H. Cone Mem'l*

*Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). When an agreement falls within the purview of the FAA, there is a "strong default presumption . . . that the FAA, not state law, supplies the rules for arbitration." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002). "To overcome that presumption, parties to an arbitration agreement must evidence a 'clear intent' to incorporate state law rules for arbitration." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1311 (9th Cir. 2004) (quoting *Sovak*, 280 F.3d at 1269).

**[2]** "[A] general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration." *Sovak*, 280 F.3d at 1270; *see also Fid. Fed. Bank*, 386 F.3d at 1312. In *Fidelity Federal Bank*, we considered an arbitration clause providing that controversies were to be resolved "in accordance with the laws of the State of California and the rules of the American Arbitration Association." 386 F.3d at 1312 (internal quotation marks omitted). We saw no "clear intent" to incorporate California arbitration rules and therefore read the agreement as electing state substantive law and federal procedural rules. *Id.* at 1311-12; *see also Sovak*, 280 F.3d at 1270 (reaching the same conclusion under a similar arbitration provision).

**[3]** In this case, however, the arbitration clause is more than a general choice-of-law provision. It requires arbitration to be "conducted and subject to enforcement pursuant to the provisions of California Code of Civil Procedure sections 1280 through 1295, or other applicable law." The arbitrator read the arbitration clause to mean that the parties intended to be governed by the CAA's rules. We agree. The clause exhibits the parties' "clear intent" that the CAA's procedures shall govern.

**[4]** We have previously held that where the FAA's rules control arbitration proceedings, a reviewing court must also apply the FAA standard for vacatur. *Fid. Fed. Bank*, 386 F.3d

at 1312 (where FAA rules apply, "[w]e look to the FAA and federal law to determine whether [the arbitrator] was evidently partial, whether vacation of the arbitration award was required and whether Fidelity's evident partiality challenge is waived"). The converse of that holding applies here. Where state arbitration rules control arbitration proceedings, we must apply the state vacatur standard.

## B.    Grounds for Vacatur

Applying the CAA vacatur standard, we conclude that Rosenfeld has failed to demonstrate that the district court erred in confirming the award. First, the arbitrator did not violate California disclosure rules. Second, the arbitrator did not exceed his powers.

### 1.    Disclosure

In March 2007, five years into the arbitration, Paul Grossman, a partner at Paul Hastings, Janofsky & Walker ("Paul Hastings"), became one of Gruma's counsel. The arbitrator's wife, Barbara A. Reeves Neal, had been a partner at Paul Hastings from 1997-1999. Grossman and Reeves were listed together as co-counsel for at least one case litigated by Paul Hastings. *See Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 408 (2000). The arbitrator did not disclose to the parties his wife's prior relationship with Grossman.

**[5]** Rosenfeld contends that the arbitrator's failure to disclose this relationship constitutes grounds for mandatory vacatur under the CAA, Cal. Civ. Proc. Code § 1286.2(a)(6). Section 1286.2(a)(6)(A) provides that a reviewing court "shall vacate the award if the court determines . . . [a]n arbitrator making the award . . . failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware."

There are two kinds of disclosures relevant to this dispute — initial disclosures and supplemental disclosures. Initial dis-

closure requirements are set forth in California Code of Civil Procedure § 1281.9. That section begins:

> In any arbitration pursuant to an arbitration agreement, when a person is to serve as a neutral arbitrator, the proposed neutral arbitrator shall disclose all matters that could cause a person aware of the facts to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial, including all of the following . . .

*Id.* § 1281.9(a). Required disclosures include "[a]ny professional or significant personal relationship the proposed neutral arbitrator or his or her spouse . . . has or has had with any party to the arbitration proceeding or lawyer for a party." *Id.* § 1281.9(a)(6). The proposed arbitrator must "disclose all matters required to be disclosed pursuant to this section to all parties in writing within 10 calendar days of service of notice of the proposed nomination or appointment." *Id.* § 1281.9(b).

**[6]** Initial disclosures under § 1281.9 are provided to assist the parties in determining whether to accept a particular person as an arbitrator. The wording of § 1281.9 makes clear that its disclosure requirements apply only at the beginning of the arbitration process. For example, § 1281.9(a) provides, "[W]hen a person *is to serve* as a neutral arbitrator, the *proposed* neutral arbitrator shall disclose . . . ." (emphasis added). Section 1281.9(b) provides that the "*proposed* neutral arbitrator shall disclose all matters required to be disclosed . . . within 10 calendar days of service of notice of the proposed nomination or appointment." (emphasis added). The arbitrator completed his initial disclosures in May 2002. There is no dispute that the arbitrator made all required initial disclosures. The question at issue is whether the arbitrator made sufficient supplemental disclosures later in the arbitration.

**[7]** Supplemental disclosures are governed by § 1281.85 of the CAA and by the Ethics Standards implemented in accor-

dance with that section. Section 1281.85 provides that "a person serving as a neutral arbitrator pursuant to an arbitration agreement shall comply with the ethics standards for arbitrators adopted by the Judicial Council pursuant to this section." Cal. Civ. Proc. Code § 1281.85(a). The Ethics Standards adopted by the Judicial Council under § 1281.85(a) "supplement and expand the statutory listing of required disclosures contained in [§ 1281.9(a)]." *Ovitz v. Schulman*, 133 Cal. App. 4th 830, 839 (2005). Unlike § 1281.9, the Ethics Standards impose a "continuing duty" of disclosure. *Id.* at 840; *see* Ethics Std. 7(f) (an arbitrator's duty to disclose matters is "a continuing duty, applying from service of the notice of the arbitrator's proposed nomination or appointment until the conclusion of the arbitration proceeding").

**[8]** In March 2007, when Grossman joined as counsel for Gruma, the arbitrator provided supplemental disclosures. However, he did not disclose his wife's connection to Grossman or to Paul Hastings as part of these supplemental disclosures. None of the Ethics Standards required a supplemental disclosure of the relationship between Grossman and the wife of the arbitrator.

**[9]** Ethics Standard 7(d)(2)(C) requires disclosure if the arbitrator or the arbitrator's spouse is "[c]urrently associated in the private practice of law with a lawyer in the arbitration." The arbitrator's wife was not "currently associated" with Grossman or with Paul Hastings at the time of the arbitration. Ethics Standard 7(d)(8)(C) requires disclosure if "[t]he arbitrator or a member of the arbitrator's immediate family is or, within the preceding two years, was an employee of or an expert witness or a consultant for a lawyer in the arbitration." Even if this section applies to a lawyer whose partner represents a party to the arbitration (a question we do not decide), it does not apply in this case. The arbitrator's wife's employment at Paul Hastings ended more than two years before Grossman became involved in the arbitration.

**[10]** Ethics Standard 7(d)(14)(A) requires disclosure of "[a]ny other matter that . . . [m]ight cause a person aware of the facts to reasonably entertain a doubt that the arbitrator would be able to be impartial." Rosenfeld contends that "the arbitrator's wife's undisclosed partnership with Gruma's counsel conclusively creates apparent bias — or, at least, doubt about impartiality." We disagree. Rosenfeld has not demonstrated that the relationship would create a reasonable impression of partiality on the part of the arbitrator. The professional relationship between the arbitrator's wife and Grossman ended eight years before Grossman began to represent Gruma in the arbitration. Rosenfeld does not provide any evidence that the connections between the arbitrator's wife and Grossman were more significant or substantial than one case in which they were both listed as attorneys. *See Guseinov v. Burns*, 145 Cal. App. 4th 944, 959 (2006) (only "significant or substantial business relationships" must be disclosed). Nor does Rosenfeld demonstrate that the arbitrator's wife's connection with Paul Grossman "color[ed] the arbitrator's judgment," *see Luster v. Collins*, 15 Cal. App. 4th 1338, 1345 (1993), in his ruling in favor of Gruma.

Finally, Ethics Standard 7(d)(3) requires disclosure if "[t]he arbitrator or a member of the arbitrator's immediate family has or has had a significant personal relationship with any party or lawyer for a party." Rosenfeld did not argue below or in his briefs here that there was a "significant personal relationship" between Grossman and the arbitrator's wife that would have to be disclosed under Ethics Standard 7(d)(3). Rosenfeld's counsel hinted at that possibility for the first time at oral argument, so any such argument was waived. *Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008).

We note that Rosenfeld's attorney was well aware of the relationship between the arbitrator's wife and Grossman long before he raised the issue. He informed us at oral argument that he learned of the relationship at least "a year or two" before the arbitrator decided the dispute. Rosenfeld's failure

to raise the issue until after the arbitrator ruled suggests two things: First, it suggests that Rosenfeld did not himself believe that the relationship rose to a level that required disclosure under any of the applicable standards. Second, it suggests that Rosenfeld may have been sand-bagging, holding his objection in reserve in the event that he did not prevail in the arbitration. Even if disclosure had been required, we would hold that Rosenfeld waived any objection by not raising it in a timely fashion. *See, e.g.*, *Dornbirer v. Kaiser Found. Health Plan, Inc.*, 166 Cal. App. 4th 831, 846 (2008); *Britz, Inc. v. Alfa-Laval Food & Dairy Co.*, 34 Cal. App. 4th 1085, 1096-97 (1995); *cf. Fid. Fed. Bank*, 386 F.3d at 1313.

### 2.    Scope of the Arbitrator's Powers

**[11]** Section 1286.2(a)(4) of the CAA provides for vacatur if "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." California courts have found that an arbitrator exceeds his powers when he (1) acts without subject matter jurisdiction, (2) decides an issue that was not submitted to arbitration, (3) arbitrarily remakes the contract, (4) upholds an illegal contract, (5) issues an award that violates a well-defined public policy, (6) issues an award that violates a statutory right, (7) fashions a remedy that is not rationally related to the contract, or (8) selects a remedy not authorized by law. *See Jordan v. Cal. Dep't of Motor Vehicles*, 100 Cal. App. 4th 431, 443 (2002) (citing cases) (internal citations omitted). "In other words, an arbitrator exceeds his powers when he acts in a manner not authorized by the contract or by law." *Id.* The enumerated statutory grounds in the CAA are the exclusive grounds for judicial review of arbitration awards. *See Cable Connection, Inc. v. DIRECTV, Inc.*, 44 Cal. 4th 1334, 1343 (2008) ("[I]n the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute." (internal quotation marks omitted)).

**[12]** Rosenfeld disagrees with the arbitrator's interpretation of California law, but he has not demonstrated that the arbitrator exceeded his powers.

## Conclusion

We hold that the parties agreed to arbitration under the rules provided by the CAA. We hold, further, that Rosenfeld has shown no basis for vacatur of the arbitrator's award under the CAA.

**AFFIRMED.**