**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CINDY BRAGGS, an individual and TERRY ELLIS, an individual, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> MAXINE JONES, an individual, <br><br> Defendant - Appellant. | No. 13-55557 <br><br> D.C. No. 2:12-cv-08493-JGB-VBK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted April 10, 2015[**]
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and QUIST,[***] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

Defendant-Appellant Maxine Jones appeals the district court's grant of Plaintiffs-Appellants Cindy Braggs and Terry Ellis petition for confirmation of their arbitration award against Jones, and its denial of Jones's counter-petition to vacate the arbitration award. We have jurisdiction under 28 U.S.C. § 1291, and we review *de novo* a district court's confirmation of an arbitration award or denial of a motion to vacate an arbitration award. *See United States v. Park Place Assocs.*, 563 F.3d 907, 918 (9th Cir. 2009). We affirm.

## I.      Federal Arbitration Act Grounds for Vacatur of an Award

Jones, Ellis, and Braggs all signed operating agreements formalizing the business of their music group. Because these operating agreements "evidenc[e] a transaction involving commerce," they fall within the scope of the Federal Arbitration Act, and there is a strong presumption that FAA, not state, rules apply both to the arbitration and on appeal. *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066-67 (9th Cir. 2010). There is no indication in the operating agreements that the parties intended California law to apply, apart from three specific procedural rules, so unless the award can be vacated or modified on one of the grounds specified in §§ 10 or 11 of the FAA, the arbitrator's award must be confirmed. 9 U.S.C. § 9. However, Jones fails to meet the standards set forth in either provision.

First, Jones does not demonstrate that there was "evident partiality" in the arbitrator. 9 U.S.C. § 10(a)(2). This standard requires that an arbitrator's dealings

create a "reasonable impression of partiality," which is not satisfied when an arbitrator fails to disclose facts "relating to 'long past, attenuated, or insubstantial connections between a party and an arbitrator.'" *In re Sussex*, 2015 WL 1379852 at *6 (9th Cir. 2015). The arbitrator in this case did not disclose that he once had an office in the same large office building as counsel for Braggs and Ellis. This is the very definition of an attenuated or insubstantial connection, and is not sufficient to establish a "reasonable impression of partiality."

Second, Jones received a fair hearing that affords no basis for vacatur under 9 U.S.C. § 10(a)(3). Jones's declaration states that the arbitrator "refused to permit deposition discovery . . . in accordance with" the state procedural rules specified in the arbitration clause. However, she offers no specific evidence that she ever sought to take depositions and was refused permission to do so. She also offers no evidence that she ever timely objected to any pre-hearing rulings of the arbitrator. On such a record, we cannot conclude that Jones did not receive the fair hearing to which she was entitled.

Finally, the arbitrator did not "exceed[] [his] powers." 9 U.S.C. § 10(a)(4). The arbitrator did not rule on a matter not submitted to him; rather, given the broad language of both the arbitration clause and the parties' arbitration demands, both the substance and nature of the arbitrator's award were implicit. *See Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 732-33 (9th Cir. 2006). Therefore, the

award also may not be modified under 9 U.S.C. § 11(b).  Further, the arbitrator's award was neither "in manifest disregard of the law" or "completely irrational." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288-1290 (9th Cir. 2009).  The arbitrator reviewed provisions of the agreement, compared it to the evidence before him, and made a determination on that basis.  It cannot be said that he recognized the applicable law and then failed to apply it, or that this award does not "draw its essence" from the contract.  *Id.*  Indeed, because the arbitrator was plainly at least "arguably construing" the contract, this court "may not correct his mistakes under § 10(a)(4) . . . [since] [t]he potential for those mistakes is the price of agreeing to arbitration."  *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2070 (2013).

## II. The District Court Erred In Declining to Rule On Jones's Evidentiary Objections, But Remand is Unnecessary

The district court erred in finding Jones's evidentiary objections "immaterial" and declining to rule on them.  "'It is well settled in both commercial and labor cases that whether parties have agreed to 'submi[t] a particular dispute to arbitration' is typically an issue for judicial determination.'"  *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013) (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010) (alteration in original)).  "'It is similarly well settled that where the dispute at issue concerns contract formation,

the dispute is generally for courts to decide.'" *Id.* (quoting *Granite Rock Co.*, *supra*). The district court should have applied that ordinary rule and made a factual finding for itself, without reference to the arbitrator's findings, regarding whether a contract existed between the parties. Its failure to do so was error.

Ordinarily, a district court's failure to make a necessary factual finding compels remand; however, "[a]n appellate court may affirm on the basis of any evidence in the record that supports the trial court's judgment. The failure to make an express finding of fact by the district court does not require remand if a complete understanding of the issues may be had without the aid of separate findings." *In re U.S. Fin. Sec. Litig.*, 729 F.2d 628, 630 (9th Cir. 1984) (internal quotations and citations omitted).

Here, the record unequivocally establishes that Jones is estopped from arguing that there was no valid contract. Jones argued before the arbitrator that the 2010 agreement, to which she was a party, included the same arbitration provision as the 2006 agreement. Therefore, Jones may not now argue that a contract is not present here. *See PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1192 (9th Cir. 2004). Thus, while the district court erred by failing to make a factual finding that a contract with an arbitration provision existed between the parties, the record is sufficiently clear that remand for entry of a factual finding is unnecessary.

## III. The Arbitration Award Must Be Confirmed

Because Jones cannot satisfy any of the grounds specified in the FAA for a court to vacate or modify the arbitration award, the award must be confirmed. Therefore, the district court's decision confirming the award and denying Jones's petition to vacate the award is **AFFIRMED**.