**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT BURROUGHS, | No. 13-35793 |
| Plaintiff - Appellant, | D.C. No. 6:13-cv-00141-TC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Argued and Submitted July 9, 2015
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Vincent Burroughs appeals the district court's dismissal with prejudice of

his Federal Tort Claims Act action. The district court dismissed the action for lack

of subject matter jurisdiction based on sovereign immunity. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review de novo issues of sovereign immunity and subject matter jurisdiction. *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004). The district court properly concluded that it lacked subject matter jurisdiction over Burroughs's claims that the United States is liable under the doctrine of respondeat superior for the alleged tortious acts of an IRS revenue agent. The conduct alleged was either outside the scope of employment as determined by Oregon state law, or arose out of assault, battery, or an abuse of process. *See Doe v. Holy See*, 557 F.3d 1066, 1082–83 (9th Cir. 2009) (interpreting "scope of employment" for respondeat superior liability under Oregon law); *Minnis v. Or. Mut. Ins. Co.*, 48 P.3d 137, 144–45 (Or. 2002) (clarifying that Oregon's *Fearing* test for "scope of employment" is an alternative test only for allegations of intentional torts); *Fearing v. Bucher*, 977 P.2d 1163, 1166–68 (Or. 1999) (stating Oregon's alternate test for "scope of employment" for intentional tort claims). Pursuant to the Federal Tort Claims Act, the United States does not waive sovereign immunity for the alleged tortious acts of its employees committed outside the scope of their employment as determined by state law. *See* 28 U.S.C. § 1346(b)(1). The United States also does not ordinarily waive sovereign immunity for claims arising out of assault, battery,

or an abuse of process. 28 U.S.C. § 2680(h).[1] Because the United States has not waived sovereign immunity as to Burroughs's respondeat superior claims—the only claims he appeals—the district court did not err in dismissing the action for lack of subject matter jurisdiction.

We review for an abuse of discretion a district court's denial of leave to amend. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Because the "bar of sovereign immunity is absolute," *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam), the United States cannot be liable under the doctrine of respondeat superior for the acts alleged. The district court therefore did not abuse its discretion by dismissing the action with prejudice because the complaint cannot be redrafted to bring the respondeat superior claims under the Federal Tort Claims Act.

**AFFIRMED.**

---

[1] We need not and do not consider Burroughs's belated contention, raised for the first time at oral argument, that § 2680(h) does not apply because an IRS revenue agent is an investigative officer. *See Johnson v. Gruma Corp.*, 614 F.3d 1062, 1069 (9th Cir. 2010) (arguments not raised until oral argument are waived).