**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY EKWEANI; IJEAMAKA EKWEANI, <br><br>      Plaintiffs-Appellants, <br><br>   v. <br><br> AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., <br><br>      Defendant-Appellee. | No.  18-16925 <br><br> D.C. No. 2:17-cv-03365-SPL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 19, 2019[**]

Before:   SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

  Henry Ekweani and Ijeamaka Ekweani appeal pro se from the district court's

judgment denying their petition to vacate an arbitration award entered in favor of

defendant American Express Travel Related Services Company, Inc.  We have

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1065 (9th Cir. 2010).  We affirm.

The district court properly denied the Ekweanis' petition to vacate the arbitration award because the Ekweanis failed to establish any of the limited grounds on which an arbitration award can be vacated under section 10 of the Federal Arbitration Act ("FAA").  *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (setting forth the narrow grounds on which courts may vacate an arbitration award); *see also U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010) ("Arbitrators enjoy wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying the Ekweanis' request for additional discovery because the Ekweanis showed no prejudice resulting from the ruling.  *See Laub v. U.S. Dep't of Interior,* 342 F.3d 1080, 1093 (9th Cir. 2003) ("[A] decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Ekweanis' contentions that the district court "rubber stamped" the arbitration award and violated their due process rights are unpersuasive.

**AFFIRMED.**