NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HANNAH A. LAGSIT,

Plaintiff-Appellant,

v.

INTERNATIONAL COFFEE AND TEA
LLC, AKA Coffee Bean and Tea Leaf,

Defendant-Appellee.

No.    19-55143

D.C. No. 2:17-cv-00307-GW-SS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Hannah A. Lagsit appeals pro se from the district court's orders denying her

motion to vacate, and granting defendant's motion to confirm, an arbitration

award.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Johnson v. Gruma Corp.*, 614 F.3d 1062, 1065 (9th Cir. 2010) (confirmation of

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arbitration award); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (denial of motion to vacate arbitration award). We affirm.

The district court properly denied Lagsit's motion to vacate the arbitration award because Lagsit failed to establish any of the limited grounds on which an arbitration award may be vacated under § 10 of the Federal Arbitration Act. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (setting forth the limited grounds on which courts may vacate an arbitration award); *see also Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute[.]" (citation and internal quotation marks omitted)).

Because there were no grounds for vacating the arbitration award, and the award was not modified or corrected, the district court properly granted defendant's motion to confirm the arbitration award. *See Biller v. Toyota Motor Corp.*, 668 F.3d 655, 663 (9th Cir. 2012) ("[I]f a party seeks a judicial order confirming an arbitration award, the court must grant such an order unless the award is vacated, modified, or corrected[.]" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Lagsit's motion to

2                                                                                                    19-55143

deem facts admitted because the parties' arbitration agreement provided that the arbitrator shall decide all disputes regarding discovery. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245, 1246-48 (9th Cir. 1981) (setting forth standard of review); *see also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 39 (1987) ("The parties bargained for arbitration to settle disputes and were free to set the procedural rules for arbitrators to follow if they chose."); *Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 531 (9th Cir. 2016) ("Once a matter is submitted to arbitration, procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." (emphasis, citation, and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**