**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUEST INTERNATIONAL MONITOR SERVICE, INC., a California corporation, | No. 20-55364 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-02471-JLS-KES |
| v. | |
| ROCKWELL COLLINS, INC., a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted April 12, 2021
Pasadena, California

Before:  M. SMITH and IKUTA, Circuit Judges, and VRATIL,** District Judge.

Quest International Monitor Service, Inc., appeals from the district court's

grant of Rockwell Collins, Inc.'s motion to confirm arbitration awards and denial

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

of Quest's petition to vacate the arbitration award.  We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16, and we affirm.

The district court did not err in holding that Quest's petition to vacate the arbitration award was time-barred under 9 U.S.C. § 12.  The Enterprise Commercial Product Support Agreement is a contract "evidencing a transaction involving commerce" for purposes of 9 U.S.C. § 2, and therefore "there is a strong default presumption that the FAA, not state law, supplies the rules for arbitration." *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066 (9th Cir. 2010) (cleaned up).  Quest did not overcome this presumption because the contract does not "evidence a clear intent to incorporate state law rules for arbitration." *Id.* (cleaned up).  Therefore, the California arbitration rules, Cal. Civ. Proc. Code §§ 1280–1294.4, are not applicable here.  "[W]here the FAA's rules control arbitration proceedings, a reviewing court must also apply the FAA standard for vacatur," *Johnson*, 614 F.3d at 1067, including the three-month limitation period for filing a petition for vacatur.

Quest's reliance on the rule that federal courts apply state substantive law to state law claims in diversity cases, *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), is inapposite.  Quest's petition for vacatur of an arbitration award under the FAA does not concern any "rights and obligations . . . created by one of the

States." *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 101 (1945). Therefore, neither *Erie* nor California's statute of limitations for vacating arbitration awards, *see* Cal. Civ. Proc. Code § 1288, applies here. The FAA's limitation period for petitioning for vacatur controls. *See Johnson*, 614 F.3d at 1067.

Quest's request for declaratory relief, if successful, would have the same effect as a petition to vacate the award of the arbitration tribunal. Accordingly, the limitations period applicable to the petition to vacate the arbitration award also applies to bar Quest's request for declaratory relief. *See United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 61–62 (1981). Because the statute of limitations provides sufficient grounds to affirm, we do not address Quest's other challenges to the district court's alternative holdings. *See Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000) ("The reviewing court may affirm the dismissal upon any basis fairly supported by the record.").

**AFFIRMED.**