

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ERLING S. CALKINS; ELAINE S. CALKINS,<br><br>　　　　Debtors,<br><br>------------------------------<br><br>ERLING S. CALKINS,<br><br>　　　　Appellant,<br><br>　v.<br><br>SOUTHERN CALIFORNIA CONFERENCE OF SEVENTH-DAY ADVENTISTS, Trustee,<br><br>　　　　Appellee. | No.　20-60033<br><br>BAP No. 19-1156<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Taylor, and Faris, Bankruptcy Judges, Presiding

Submitted September 21, 2021**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Erling S. Calkins appeals pro se from the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's order confirming an arbitration award and enforcing Calkins' 2016 settlement with the Southern California Conference of Seventh-Day Adventists ("SCC").  We affirm.

The bankruptcy court properly confirmed the arbitration award because Calkins did not show there were grounds for vacating it.  *See* Ariz. Rev. Stat. § 12-3023(A); *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1067 (9th Cir. 2010).  Calkins and SCC settled all issues between them, including probate issues, except those specifically reserved for arbitration in the 2016 settlement agreement.  *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1138–39 (Ariz. 1993) (en banc); *Provident Nat'l Assurance Co. v. Sbrocca*, 885 P.2d 152, 153–54 (Ariz. Ct. App. 1994).  Calkins' argument that the arbitrator decided that unspecified probate issues should be referred to California probate court for further proceedings is both waived and unsupported by the record.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).  The

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arbitrator did not exceed his authority by deviating from the 2016 settlement agreement; rather, he dealt with all issues and entered all relief required by the agreement.

**AFFIRMED.**