**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PIETRO P.A. SGROMO, AKA Peter Anthony Sgromo, | No. 22-15199 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-08170-HSG |
| v. | MEMORANDUM[*] |
| LEONARD GREGORY SCOTT; EUREKA INVENTIONS LLC, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted July 18, 2023[**]

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Pietro P.A. Sgromo appeals pro se from the district court's judgment in his

diversity action denying Sgromo's motion to vacate an arbitration award and

granting Leonard Gregory Scott's motion to confirm the award.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1065 (9th Cir. 2010) (confirmation of arbitration award); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (denial of motion to vacate arbitration award). We affirm.

The district court properly determined that the Federal Arbitration Act ("FAA") governs this action because the parties did not "evidence a 'clear intent' to incorporate state law rules for arbitration." *See Johnson*, 614 F.3d at 1066-67 (citation omitted) (explaining the strong default presumption that the FAA supplies the rules for arbitration).

The district court properly denied Sgromo's motion to vacate the arbitration award because the motion was time-barred. *See* 9 U.S.C. § 12 (providing that notice of a motion to vacate an arbitration award must be served on the opposing party within three months after the award is filed or delivered).

Because the award was not vacated, modified, or corrected, the district court properly granted Scott's motion to confirm the arbitration award. *See Biller v. Toyota Motor Corp.*, 668 F.3d 655, 663 (9th Cir. 2012) ("[I]f a party seeks a judicial order confirming an arbitration award, the court must grant such an order unless the award is vacated, modified, or corrected[.]" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

2                                                                22-15199

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Sgromo's motion to vacate (Docket Entry No. 18) is denied.

**AFFIRMED.**