**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN F. JACKSON, | No. 22-16673 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-06007-VKD |
| v. | |
| APPLIED MATERIALS CORPORATION; KEITH DUPEN, Managing Director Human Resources, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Virginia K. DeMarchi, Magistrate Judge, Presiding**

Submitted October 10, 2023***

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Kevin F. Jackson appeals pro se from the district court's judgment in his

action alleging federal discrimination and retaliation claims against his former

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

employer.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1065 (9th Cir. 2010) (confirmation of arbitration award); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (order compelling arbitration).  We affirm.

The district court properly granted defendants' motion to compel arbitration because the parties entered into a valid arbitration agreement encompassing the dispute at issue.  *See Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (Federal Arbitration Act requires that district courts refer cases to arbitration where a valid arbitration agreement covers the dispute at issue); *see also Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260-62 (9th Cir. 2017) (discussing unconscionability defense to arbitration agreement under California law).

The district court properly confirmed the arbitration awards because Jackson did not demonstrate any ground for vacating, modifying, or correcting the interim award of summary disposition or the final award of attorney's fees and costs.  *See* 9 U.S.C. §§ 9-11; *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 663-64 (9th Cir. 2012) (establishing procedure for confirmation of arbitration awards, and grounds for vacating, modifying, or correcting such awards).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents and facts not presented to the district court.  *See United States*

*v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Defendants' motion to strike Jackson's non-record documents and opening brief (Docket Entry No. 12) is denied.

**AFFIRMED.**