NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN C. VERNILE,<br><br>                Petitioner-Appellee,<br><br>v.<br><br>PACIFICA FOUNDATION, INC., a California nonprofit corporation,<br><br>                Respondent-Appellant. | No.   22-55938<br><br>D.C. No.<br>2:22-cv-02599-SVW-PVC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 14, 2023
San Francisco, California

Before:  S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

Pacifica Foundation, Inc. appeals from the district court's order confirming a $300,000 arbitration award in favor of Pacifica's former employee, John Vernile. We review de novo the district court's decision regarding the arbitrability of claims, *Brennan v. Opus Bank*, 796 F.3d 1125, 1128 (9th Cir. 2015) (citation omitted), and its decision to confirm or vacate an arbitration award, *HayDay*

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022) (citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

Pacifica raises three primary arguments on appeal; none are persuasive. *First*, Pacifica asserts that the arbitrator exceeded her authority under the parties' arbitration agreement by adjudicating Vernile's defamation claim because the claim did not "arise out of" or "concern" Vernile's employment or termination. Although "there is a presumption that courts will decide which issues are arbitrable[,]" the question of arbitrability is properly submitted to the arbitrator where "clear and unmistakable evidence" establishes "that the parties to an agreement intended to arbitrate questions of arbitrability." *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072, 1073 (9th Cir. 2013). Here, the parties' agreement states that "arbitration will be held in accordance with AAA's then applicable rules." AAA Rule 6.a provides: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." We have held "that, at least in a contract between sophisticated parties, incorporation of the AAA Rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1068 (9th Cir. 2020) (internal citation and quotation omitted). Accordingly, the district court

did not err in holding that it lacked a basis to disrupt the arbitrator's determination that the defamation claim was arbitrable.

Moreover, even if Pacifica raised a valid challenge to the arbitrator's arbitrability determination, that argument was waived because Pacifica never challenged the arbitrability of the defamation claim before the arbitrator. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1279 (9th Cir. 2006) (construing *Ficek v. Southern Pacific Co.*, 338 F.2d 655, 656–57 (9th Cir. 1964), where a party "waived his right to contest arbitrability because he voluntarily participated in arbitration and waited until after an unfavorable decision had been handed down before challenging the authority of the arbitrators").

*Second*, Pacifica contends that the arbitration award must be vacated under subsections (3), (4), and (5) of the California Arbitration Act ("CAA").[1] The statutory grounds for vacatur set forth in the CAA "are the exclusive grounds for

---

[1] As relevant here, the CAA provides that a court reviewing an arbitration award shall vacate the award if the court determines:

(3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.

(4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

(5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.

Cal. Civ. Proc. Code § 1286.2(a).

judicial review of arbitration awards." *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066 (9th Cir. 2010) (citing *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 11 (1992)). Pacifica argues that the arbitrator committed prejudicial misconduct by allowing Vernile to submit his evidence of defamation after the close of the hearing. But the arbitrator complied with Rule 30 of the AAA rules governing employment disputes in allowing Vernile to submit post-hearing evidence by affording Pacifica the opportunity to review and object to the evidence and allowing the parties to submit rebuttal briefs. The arbitrator's management of the presentation of evidence in compliance with the AAA rules is not prejudicial misconduct.

Pacifica also contends that the arbitrator violated the CAA by allowing Vernile to plead his defamation claim in a manner that fails to comport with due process, but Pacifica fails to cite any precedent in support of this assertion.[2] Notably, Pacifica was on notice of Vernile's defamation claim for more than a year-and-a-half before the hearing and was afforded the opportunity to respond to Vernile's post-hearing evidence according to the AAA rules. We are therefore unpersuaded by Pacifica's contention that it was denied due process.

*Finally*, Pacifica's argument that the arbitration award violated Pacifica's First Amendment rights and unwaivable statutory rights under California's anti-

---

[2] The case on which Pacifica primarily relies, *McGarry v. University of San Diego*, 154 Cal. App. 4th 97 (2007), is inapposite, as it neither addresses arbitration nor mentions due process.

4

SLAPP statute fails. The California Supreme Court has held that "[a]rbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." *Richey v. AutoNation, Inc.*, 60 Cal. 4th 909, 916 (2015). Pacifica, however, has not established that the arbitrator's award violates the terms of California's anti-SLAPP statute or any express policy underlying it.

**AFFIRMED.**