NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AVA NAEINI, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, <br><br> Defendant - Appellee, <br><br> and <br><br> DOES, 1-100, inclusive, <br><br> Defendant. | No. 24-5357 <br><br> D.C. No. 2:23-cv-07118-AB-BFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Naeini's motion (Docket Entry No. 3) to proceed in forma pauperis is granted.

Ava Naeini appeals pro se from the district court's judgment confirming an arbitration award in favor of Cognizant Technology Solutions Corporation under the Federal Arbitration Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1065 (9th Cir. 2010) (confirmation of arbitration award); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (denial of motion to vacate arbitration award). We affirm.

The district court properly confirmed the arbitration award because Naeini did not demonstrate any ground for vacating, modifying, or correcting the award. *See* 9 U.S.C. § 9 ("[T]he court must [confirm an arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."); *Hall St. Assocs., LLC v. Mattel, Inc.,* 552 U.S. 576, 582, 582-84 (2008) (holding that the statutory grounds to vacate, modify, or correct an arbitration award are exclusive).

The district court did not abuse its discretion by striking Naeini's request for production or her amended complaint for failure to comply with local rules. *See United States v. Hvass*, 355 U.S. 570, 574-75 (1958) (holding that local rules are "laws of the United States"); *Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (court reviews for abuse of discretion a district court's decisions concerning

its management of litigation).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED**.