NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BIBI NOHIA SAIDWAL,

　　　　Plaintiff - Appellant,

　v.

FLAGSHIP,

　　　　Defendant - Appellee.

No. 24-6573

D.C. No. 4:19-cv-08211-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted March 16, 2026[**]

Before: SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

　　　Bibi Nohia Saidwal appeals pro se from the district court's order confirming

an arbitration award in favor of defendant under the Federal Arbitration Act.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Johnson v. Gruma*

*Corp.*, 614 F.3d 1062, 1065 (9th Cir. 2010) (confirmation of arbitration award);

---

[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (denial of motion to vacate arbitration award). We affirm.

The district court properly confirmed the arbitration award because Saidwal failed to establish any of the limited grounds on which an arbitration award may be vacated. *See* 9 U.S.C. § 9 ("[T]he court must [confirm an arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."); *Collins*, 505 F.3d at 879 (setting forth the limited grounds on which courts may vacate an arbitration award); *see also U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010) ("Arbitrators enjoy wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**